# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 3:04-0146

STEVEN LAVON WALKER

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Steven Lavon Walker's Motion for Reduction of Sentence under the First Step Act of 2018. *Mot. for Reduction of Sentence*, ECF No. 102. The issues in this case have been fully briefed, and Defendant's motion is ripe for review. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I. BACKGROUND

On October 25, 2004, Defendant pleaded guilty to possession with the intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). *Plea Agreement Hr'g*, ECF No. 47. The United States filed an Information pursuant to 21 U.S.C. § 851 establishing a prior drug distribution conviction that increased Defendant's statutory sentencing range. *Information*, ECF No. 37. On January 10, 2010, this Court sentenced Defendant to 120 months of imprisonment and eight years of supervised release. *Sentencing*, ECF No. 59. 44.9 grams of crack were attributed to Defendant for sentencing purposes, though he was only charged with possession of five grams or more of the drug. *See Indictment*, ECF No. 14.

Defendant was released from prison on May 10, 2013. *Probation Mem.*, at 4. On April 3, 2014, a Petition for Revocation was filed alleging that Defendant was discovered distributing heroin and possessing a firearm. *Petition*, ECF No. 70, at 1. Based on this conduct, a grand jury

returned a three-count indictment against Defendant charging him with possession with the intent to distribute a quantity of heroin, possession of a firearm during a drug crime, and being a felon in possession of a firearm. *United States v. Walker*, No. 2:14-cr-00139, *Indictment*, ECF No. 1. The Government filed another § 851 Information, once again raising his statutory sentencing exposure. *United States v. Walker*, No. 2:14-cr-00139, *Information*, ECF No. 21.

On December 8, 2014, this Court sentenced Defendant to a high-end sentence of 71 months imprisonment in his new criminal case, to be followed by six years of supervised release. *United States v. Walker*, No. 2:14-cr-00139, *Judgment*, ECF No. 35. Immediately after, the Court also revoked Defendant's supervised release in the instant case and imposed a high-end sentence of 57 months imprisonment, consecutive to his new conviction, with no supervised release to follow. *Revocation of Supervised Release and Judgment Order*, ECF No. 87. Defendant remains incarcerated, and is projected to be released on September 10, 2023. *Probation Mem.*, at 5.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "*The First Step Act*"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," which triggers a mandatory

minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible for a reduction in sentence, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[1] *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* While a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.* The First Step Act therefore represents a broad grant of authority to the federal courts.

The proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b). *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, No. 4:95-cr-39, No. 4:95-cr-44, 2019 WL 6039954, at *4 (E.D. Va. Nov. 14, 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

However, courts are not limited by § 3582(c)(1)(B). The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. *The First Step Act,* § 404(b). Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Therefore, the First Step Act grants courts statutory authority to conduct a full resentencing, in addition to the discretion to decide when doing so is appropriate. *See Wright*, 2019 WL 6039954, at *5. Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require

---

[1] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

a hearing. *See id.* at 441. It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.

When considering the statutory authority under the First Step Act, federal courts presume Congress acts in the context of relevant case law. *Abuelhawa v. United States*, 556 U.S. 816, 821 (2009) (citing *Williams v. Taylor*, 529 U.S. 362, 380–81, n.12 (2000). The Fair Sentencing Act, and its application through the First Step Act, is administered in light of the Supreme Court's decision in *United States v. Booker*, which held that mandatory guideline ranges are unconstitutional. 543 U.S. 220, 244–45 (2005). While *Booker* is not retroactively applied on a collateral attack, a court may now vary outside of the guideline range if it chooses to conduct a full resentencing. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). This includes variances based on policy disagreements with the Sentencing Guidelines. *See Kimbrough v. United States*, 552 U.S. 85 (2007).

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See United States v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories, and adopting the latter.). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See*

*Alleyne v. United States*, 570 U.S. 99 (2013). In the context of First Step Act cases, this is true whether a court is conducting a full resentencing or not. *See*, *e.g.*, *United States v. Smith*, 379 F. Supp. 3d 543, 546–47 (W.D. Va. May 13, 2019). Due to the constitutional considerations, this Court—along with a number of others—adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases).

As a final matter, the fact that a defendant is serving a term of imprisonment stemming from a revocation of his or her supervised release does not render that defendant ineligible for relief under the First Step Act. *See United States v. Venable*, 943 F.3d 187, 193–94 (4th Cir. 2019) (holding that defendants on supervised release are eligible for relief under the unitary theory of sentencing, wherein a term of supervised release is part of the original sentence imposed for an initial offense). With this legal background in mind, the Court turns to a consideration of the instant case.

### III. DISCUSSION

In reviewing the pending motion, the Court considered the pleadings, the original presentence report, the judgment order and statement of reasons, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons.

Here, Defendant was charged with possession with the intent to distribute five grams or more of crack; as such, he is subject to the statutory sentencing provisions outline in 21 U.S.C. § 841(b)(1)(C). That 44.9 grams of crack were attributed to Defendant at sentencing is irrelevant to

this conclusion. *See Alleyne*, 570 U.S. at 102. This reasoning is consistent with other district courts in the Fourth Circuit. *See, e.g., United States v. Smith*, 379 F. Supp. 3d 543 (W.D. Va. 2019); *United States v. Springs*, No. 3:05-cr-0042-FDW-1, 2019 WL 3310092 (W.D.N.C. Jul. 23, 2019).

The maximum statutory penalty under section 841(b)(1)(C) is ordinarily twenty years imprisonment and at least three years of supervised release; however, a prior drug distribution offense raises this statutory maximum to thirty years and at least six years of supervised release. *See* 21 U.S.C. § 841(b)(1)(C). Under 18 U.S.C. § 3559(a)(2), then, Defendant's conviction is a Class B felony. This is an important distinction for the purposes of calculating Defendant's advisory guideline range for revocation. His original conviction was for a Class A felony, exposing him to a guideline range of forty-six to fifty-seven months imprisonment upon revocation of his supervised release. Yet Defendant defaults to a Class B felony after enactment of the First Step Act, exposing him only to thirty to thirty-seven months imprisonment upon revocation for a Grade A violation. Of course, in reality this is effectively a thirty to thirty-six-month guideline range as 18 U.S.C. § 3583(e)(3) acts as a statutory ceiling on Defendant's term of imprisonment upon revocation.

The Government argues that the Court should not exercise its discretion to reduce Defendant's sentence, as the "basis for the revocation was the commission of new crimes." *Resp.*, ECF No. 107, at 1. The Court agrees that this weighs against exercising its full discretion in reducing Defendant's sentence, and is not inclined to move below the high end of Defendant's guideline range or order that his revocation sentence be served concurrently with his sentence in Case No. 2:14-cr-00139. Nevertheless, a limited reduction in Defendant's sentence is warranted here. Based on the issues present in the case and the authority under § 404 of the First Step Act, the

Court determines that a hearing is not necessary to effectuate justice. After considering the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court reduces Defendant's term of imprisonment for violation of the terms of his supervised release to a high-end sentence of thirty-six months imprisonment, but not less than time served, to be served consecutively to his sentence in Case No. 2:14-cr-00139.

### IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** Defendant's motion to reduce sentence under the First Step Act, ECF No. 523, and **ORDERS** Defendant's sentence in this case be **REDUCED** to thirty-seven months imprisonment, but not less than time served, to be served consecutively to his sentence in Case No. 2:14-cr-00139. To the extent Defendant requests a further reduction in his sentence, the Court **DENIES IN PART** his motion. All other aspects of Defendant's original sentence—as well as his sentence in Case No. 2:14-cr-00139—will remain unchanged. The Court further **ORDERS** any good time credit and the revised release date be calculated within **fourteen days** of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: February 18, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE